# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHURE INCORPORATED ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | |
| CLEARONE, INC. ) | |
| ) | **JURY DEMANDED** |
| Defendant. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT
## OF PATENT NON-INFRINGEMENT AND INVALIDITY

Plaintiff Shure Incorporated ("Shure") files this Complaint against Defendant ClearOne, Inc. ("ClearOne"), and respectfully alleges as follows:

## NATURE OF THIS ACTION

1. This is a declaratory judgment action for non-infringement and invalidity of U.S. Patent No. 9,635,186 and non-infringement of U.S. Patent No. 9,264,553.

## PARTIES

2. Plaintiff Shure is a corporation organized under the laws of Illinois with a principal place of business at 5800 W. Touhy Avenue, Niles, Illinois 60714.

3. Defendant ClearOne is a corporation organized under the laws of Utah with a principal place of business at 5225 Wiley Post Way, Suite 500, Salt Lake City, UT 84116.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, Title 35, United States Code 35 U.S.C. § 1 *et seq.*, and under Title 28, United States Code, Chapter 151, §§ 2201 and 2202, entitled Declaratory Judgments.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and/or 2202.

6. This Court has personal jurisdiction over ClearOne in this matter. Among other things, ClearOne regularly and systematically ships and sells its products to customers and through numerous of its dealers and installers located in Illinois and in this District. Moreover, ClearOne sent the communications to Shure giving rise to this matter, as described herein, specifically into Illinois and this District. Based on these and other contacts with Illinois and this District, ClearOne is subject to personal jurisdiction in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and/or (d), and/or 1400(b).

## BACKGROUND

8. On March 10, 2017, ClearOne, through its counsel, sent a letter to Shure addressed to Christine Schyvinck, Shure's President and CEO (the "ClearOne Letter"). A true and accurate copy of the ClearOne Letter is attached hereto as Exhibit A, and is incorporated herein in its entirety by reference.

9. In the ClearOne Letter, ClearOne asserted that it is the owner and assignee of a certain United States Patent Application No. 15/190,424 (the "424 Application").

10. Further, in the ClearOne Letter, ClearOne indicated to Shure that the '424 Application has been examined and is allowed for issuance as a patent. The ClearOne Letter

2

referenced and attached a copy of the Notice of Allowance in the '424 Application, listing the allowed claims.

11. On April 25, 2017, U.S. Patent 9,635,186 (the "'186 Patent") entitled "Conferencing Apparatus That Combines a Beamforming Microphone Array With An Acoustic Echo Canceller" was duly issued by the United States Patent and Trademark Office. The '186 Patent is assigned to and is owned by ClearOne.

12. The '186 Patent issued and came into full force and effect immediately after 12:00 AM E.D.T. on April 25, 2017.

13. The '186 Patent issued and resulted from the '424 Application.

14. The allowed and issued claims of the '186 Patent are identical to the allowed claims in the '424 Application referenced by ClearOne in the ClearOne Letter.

15. The '186 Patent claims priority to U.S. Patent 9,264,553 ("the '553 Patent") entitled "Methods and Apparatuses for Echo Cancelation with Beamforming Microphone Arrays." The '186 Patent and the '553 Patent are in the same patent family. A true and correct copy of the '553 Patent is attached hereto as Exhibit B.

16. Both the '186 Patent and the '553 Patent claim priority to the same three U.S. provisional patent applications (numbers 61/495,971, 61/495,968 and 61/495,961), all three of which were filed on June 11, 2011.

17. The '186 Patent and the '553 Patent are directed to the same subject matter of echo cancellation in beam forming microphone arrays. Furthermore, large portions of specification of the '186 Patent are identical to the specification of the '553 Patent.

3

18. The claims of the '553 Patent are directed at the same subject matter as the claims of the '186 Patent. However, the claims of the '553 Patent are broader in scope than the claims of the '186 Patent.

19. In the ClearOne Letter, ClearOne (i) accuses Shure of infringement of the allowed claims of the '424 Application, which are now issued in the '186 Patent, (ii) identifies specific Shure® products which it alleges are the infringing devices, (iii) outlines specific conduct attributable to Shure which forms the basis of its infringement allegations, (iv) demands that Shure cease and desist from activities which would infringe upon ClearOne's patent rights, and (v) threatens prompt seeking of injunctive and other relief if ClearOne's rights are not respected. The ClearOne Letter further includes "litigation hold" language demanding that Shure preserve material relevant to the allegations contained therein.

20. In the ClearOne Letter, ClearOne specifically alleges infringement of the allowed claims of ClearOne's '424 Application stating that those claims "cover the Shure/Biamp and Shure/QSC integrated systems" identified elsewhere in the ClearOne Letter.

21. The ClearOne Letter goes on to provide "a detailed claim chart" comparing allowed claim 1 of the '424 Application (which is claim 1 of the '186 Patent) to the accused devices. At the end of the claim chart, ClearOne alleges that each of the accused devices "similarly meets the other independent claims (claim 7, 13, and 19), as well as the dependent claims."

22. Therefore, ClearOne has asserted all of the claims of the '186 Patent against the Shure products identified in the ClearOne Letter.

23. The ClearOne Letter specifically identifies and accuses Shure's Microflex Advance Array Microphone, Shure model MXA910 (the "MXA910") and Shure's IntelliMix P300 signal processor (the "P300") as being infringing devices (the "Accused Shure Products").

24. The ClearOne Letter further accuses Shure of certain other activities which it alleges infringe the '186 Patent, including but not limited to "advertis[ing], and encourag[ing] and instruct[ing] its customers to make and use, integrated systems" (the "Accused Practices") which allegedly infringe the '186 Patent.

25. The ClearOne Letter further accuses Shure of infringement based on (i) the combination of its MXA910 with "acoustic echo cancellation products" from third parties (such as QSC's Q-SYS platform and Biamp's Tesira/TesiraFORTE audio processors and software) (the "Accused Third Party Products"), and (ii) activities by Shure, including the Accused Practices, which ClearOne alleges to be instructing, encouraging, partnering and/or otherwise collaborating with third parties in violation of the '186 Patent.

26. The claim charts provided in the ClearOne Letter expressly accuse the Accused Products, Accused Third Party Products and the Accused Practices of infringing the claims by outlining each claim limitation allegedly present.

27. All of the claim limitations of the independent claims of the '553 Patent comprise the same claim limitations of the independent claims of the '186 Patent, such that the '553 Patent claims contain claim limitations that are effectively a subset of the claim limitations of Claim 1 of the '186 Patent.

28. The parties have a clear conflict of asserted rights against one another, and an actual controversy exists between Shure and ClearOne with respect to '186 Patent and the '553 Patent.

29. As a result of ClearOne's actions, Shure has a reasonable apprehension of enforcement of the '186 and '553 Patents against it. Therefore, Shure files this action in order to resolve an actual and justiciable controversy between the parties hereto.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '186 Patent)**

30. Shure hereby incorporates by reference its allegations contained in paragraphs 1 through 29 of this Complaint.

31. Shure does not make, use, offer for sale, sell, import, or export, and has never made, used, offered to sell, sold, imported, or exported, a device or apparatus that infringes, either directly or indirectly, any valid and enforceable claim of the '186 Patent.

32. Furthermore, Shure does not practice or perform, and has never practiced or performed, any method that infringes, either directly or indirectly, or performed any acts constituting contributory infringement of, or inducement to infringe any valid and enforceable claim of the '186 Patent.

33. Neither the Accused Shure Products, alone or in combination with the Accused Third Party Products, infringe, either directly or indirectly, any valid and enforceable claim of the '186 Patent.

34. Specifically, each of the Accused Shure Products (alone or in combination with each other, or in any combination with any of the Accused Third Party Products), and all of the Accused Practices fail to include or satisfy at least the claim limitation of "select[ing] with a signal module, one or more of the combined echo cancelled signals for transmission to the far end, wherein said signal selection module uses the far end signal as information to inhibit said

signal selection module from changing the selection of the combined echo cancelled signals while only the far end is active," which is a claim limitation required of each of the independent claims (claims 1, 7, 13 and 19) of the '186 Patent, and therefore, is a claim limitation required by each and every claim of the '186 Patent.

35. Because each of the Accused Shure Products (alone or in combination with each other or in any combination with the Accused Third Party Products), and all of the Accused Practices do not include or satisfy at least the above recited limitation, such products and practices do not infringe any claims of the '186 Patent.

36. As set forth in detail above, an actual controversy exists between Shure and ClearOne concerning the non-infringement of the '186 Patent.

37. Accordingly, Shure seeks and is entitled to a judgment against ClearOne that all of the Accused Shure Products (alone or in combination with the Accused Third Party Products), and other Shure products incorporating microphone arrays and/or acoustic echo cancellation, as well as Shure's activities and undertakings in selling, marketing and distributing its products, including but not limited to the Accused Practices, have not infringed and do not infringe (directly, indirectly, contributorily, or by inducement) any valid claim of the '186 Patent.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '186 Patent)

38. Shure hereby incorporates by reference its allegations contained in paragraphs 1 through 37 of this Complaint.

39. The '186 Patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code. Specifically, the '186 Patent does not satisfy at least the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

40. Specifically, the '186 Patent is invalid under 35 U.S.C. § 102, as being anticipated by prior art. The '186 Patent is further invalid under 35 U.S.C. § 103 as being obvious in light of prior art. The '186 Patent is further invalid under 35 U.S.C. § 112 as being indefinite, for at least the reason that one or more of its claim terms fail to particularly point out and distinctly claim the invention, rendering the claims indefinite.

41. As set forth in detail above, an actual controversy exists between Shure and ClearOne as to whether the '186 Patent is invalid.

42. Accordingly, Shure seeks and is entitled to a judgment against ClearOne that the '186 Patent is invalid.

## THIRD CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '553 Patent)**

43. Shure hereby incorporates by reference its allegations contained in paragraphs 1 through 42 of this Complaint.

44. Shure does not make, use, offer for sale, sell, import, or export, and has never made, used, offered to sell, sold, imported, or exported, a device or apparatus that infringes, either directly or indirectly, any valid and enforceable claim of the '553 Patent.

45. Furthermore, Shure does not practice or perform, and has never practiced or performed, any method that infringes, either directly or indirectly, or performed any acts constituting contributory infringement of, or inducement to infringe any valid and enforceable claim of the '553 Patent.

46. Neither the Accused Shure Products, alone or in combination with the Accused Third Party Products, infringe, either directly or indirectly, any valid and enforceable claim of the '186 Patent.

47. Specifically, each of the Accused Shure Products (alone or in combination with each other, or in any combination with any of the Accused Third Party Products), and all of the Accused Practices fail to include or satisfy at least the claim limitation of "perform[ing] a beamforming operation to combine the plurality of microphone signals to a plurality of combined signals that is greater in number than one and less in number than the plurality of microphone signals, each of the plurality of combined signals corresponding to a different fixed beam," which is a claim limitation required of each of the independent claims (claims 1, 8 and 15) of the '553 Patent, and therefore, is a claim limitation required by each and every claim of the '553 Patent.

48. Because each of the Accused Shure Products, alone or in combination with each other or in any combination with the Accused Third Party Products, and all of the Accused Practices do not include at least the above recited limitation, such products and practices do not infringe any claims of the '553 Patent.

49. As set forth in detail above, an actual controversy exists between Shure and ClearOne concerning the non-infringement of the '553 Patent.

50. Accordingly, Shure seeks and is entitled to a judgment against ClearOne that all of the Accused Shure Products (alone or in combination with the Accused Third Party Products), and other Shure products incorporating microphone arrays and/or acoustic echo cancellation, as well as Shure's activities and undertakings in selling, marketing and distributing its products, including but not limited to the Accused Practices, have not infringed and do not infringe (directly, indirectly, contributorily, or by inducement) any valid claim of the '553 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Shure requests that this Court enter judgment in its favor and against ClearOne as follows:

A. Declaring that Shure does not infringe, and has not infringed, any valid claim of any of the '186 Patent;

B. Declaring that the '186 Patent is invalid under one or more of 35 U.S.C. §§ 102 103, and/or 112;

C. Declaring that Shure does not infringe, and has not infringed, any valid claim of any of the '553 Patent;

D. Enjoining ClearOne, its officers, agents, employees, representatives, counsel and all parties acting in concert with it, permanently and preliminarily during the pendency of this action, from directly or indirectly asserting or charging infringement of the '186 Patent and/or the '553 Patent against Shure, its representatives, agents, distributors, customers, or contractors, present and prospective;

E. Declaring this case exceptional under 35 U.S.C. § 285 at least as a result of ClearOne's assertion of the '186 Patent and/or the '553 Patent despite ClearOne's knowledge of their invalidity and/or Shure's non-infringement of them, and ordering ClearOne to pay Shure's reasonable attorneys' fees and expenses in this action;

F. Ordering ClearOne to pay Shure's costs pursuant to 28 U.S.C. § 1920;

G. Ordering such other and future relief as this Court deems just and proper.

**JURY DEMAND**

Shure respectfully requests a trial by jury.

Dated: April 24, 2017            Respectfully Submitted,

                                          By: /s/ Vladimir I. Arezina
                                                  One of the Attorneys for Plaintiff,
                                                  SHURE INCORPORATED

                                                  Vladimir I. Arezina
                                                    (ARDC No. 6276348)
                                                  William J. Lenz
                                                    (ARDC No. 6257555)
                                                  NEAL, GERBER & EISENBERG LLP
                                                  Two North LaSalle Street
                                                  Suite 1700
                                                  Chicago, Illinois 60602
                                                  Telephone: (312) 269-8000
                                                  Facsimile: (312) 269-1747
                                                  varezina@nge.com
                                                  wlenz@nge.com