IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHURE INCORPORATED,<br><br>    Plaintiff,<br><br>    v.<br><br>CLEARONE, INC.,<br><br>    Defendant. | Case No.:   17-CV-03078<br><br>Judge Edmond E. Chang<br><br>Magistrate Judge Maria Valdez |
| CLEARONE, INC.,<br><br>    Counter-Plaintiff,<br><br>    v.<br><br>SHURE INCORPORATED, BIAMP SYSTEMS CORPORATION, and QSC, LLC,<br><br>    Counter-Defendants. | |

**REPORT OF THE PARTIES' PLANNING MEETING AND INITIAL STATUS REPORT**

    The Parties jointly file the following Report of the Parties' Planning Meeting and Initial Status Report[1] pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and Local Patent Rule 1.2, and state as follows:

1.     <u>The Nature of the Case</u>

    a.     <u>Attorneys</u>.

        (i)     For Shure Incorporated ("Shure"), <u>Vladimir Arezina</u> (lead counsel) and <u>William Lenz</u> are attorneys of record;

---

[1] In an effort to be complete, the parties have discussed matters contained in both (i) Judge Chang's form Initial Status Report and (ii) the Northern District of Illinois' form Report of the Parties' Planning Meeting contained as Exhibit A in the Local Patent Rules, and hereby include both matters in this joint report.

      (ii)      For ClearOne, Inc. ("ClearOne"), <u>Alexander Giza</u> (lead counsel), <u>Douglas Dixon</u> and <u>Garret Leach</u> are attorneys of record;

      (iii)      For Biamp Systems Corporation ("Biamp"), <u>Michael Strapp</u> (lead counsel), <u>Matthew Satchwell</u> and <u>Steven Reynolds</u> are attorneys of record;

      (iv)      For QSC, LLC ("QSC"), <u>Grant Kinsel</u> (lead counsel), <u>Kevin Zeck</u>, and <u>Douglas Sawyer</u> are attorneys of record.

b.    <u>Federal Jurisdiction</u>. Jurisdiction in this case is federal question jurisdiction. 28 U.S.C. §§ 1331, 1338(a) and 1367. Plaintiff Shure's claims are based on the Declaratory Judgment Act, 22 U.S.C. §§ 2201 *et. seq.*. Defendant ClearOne's Counterclaim is based on the Patent Act, 35 U.S.C. §§ 1 *et. seq.*

c.    <u>Nature of Claims</u>. In the Complaint, Plaintiff Shure is seeking declarations of non-infringement of U.S. Patent 9,264,553 and non-infringement and invalidity of U.S. Patent 9,635,186.

Counter-Defendants understand that in the Counterclaim, Defendant/Counter-Plaintiff ClearOne asserts joint infringement and inducement of infringement of U.S. Patent 9,635,186 against Counter-Defendants Shure, Biamp and QSC, and contributory infringement of the '186 patent against Shure. (ClearOne also "conditionally" asserts infringement of U.S. Patent 9,264,553 against the Counter-Defendants). Counter-Defendants take the position that the Counterclaim does not allege direct infringement against any of the Counter-Defendants.

ClearOne understands that in the Counterclaim, ClearOne asserts direct infringement in the form of joint infringement, inducement of infringement and contributory infringement of U.S. Patent 9,635,186 (and conditionally asserts infringement of U.S. Patent 9,264,553) against Counter Defendants Shure, Biamp and QSC.

d.    <u>Major Legal and Factual Issues</u>. The major legal and factual issues will involve standard matters relevant to patent infringement and defenses thereto, including: (i) whether the

accused infringers have committed acts which comprise joint, inducement and contributory infringement, (ii) whether any of the asserted claims of the patent(s)-in-suit are infringed; (iii) any affirmative defenses of the accused infringers; (iv) whether the patent(s)-in-suit are valid or not; (v) the nature and extent of any damages incurred, if any, by any party claiming damages; and (vi) whether ClearOne is entitled to injunctive relief. Another issue particular to this case, raised by both Biamp and QSC, is whether this District is the appropriate venue for the Counterclaim filed by Defendant/Counter-Plaintiff ClearOne.

  e. <u>Relief</u>. Shure is requesting declarations of non-infringement and invalidity as to the '186 patent, and a declaration of non-infringement as to the '553 patent. ClearOne is requesting findings of infringement against the three Counter-Defendants, damages, and injunctive relief.

2. <u>Rule 26(f) Conference</u>. The following persons participated in a Rule 26(f) conference on July 11, 2016 by teleconference:

  <u>Vladimir Arezina</u>, representing Shure;

  <u>Alexander Giza</u>, and <u>Xinlin Morrow</u> representing ClearOne;

  <u>Michael Strapp</u> and <u>Yasmin Ghassab</u> representing Biamp;

  <u>Kevin Zeck</u> representing QSC.

3. <u>Pending Motions and Case Plan</u>

  a. <u>Service of Pleadings</u>. ClearOne was served with Shure's Complaint (Dkt. 1), and filed an Answer and Counterclaim on May 30, 2017 (Dkt. 28). Shure, Biamp and QSC were each served with ClearOne's Counterclaim (Dkt. 28), and filed respective Motions to Dismiss on June 20, 2017 (Dkt. 36), June 22, 2017 (Dkt. 41) and June 27, 2017 (Dkt. 48). ClearOne then filed a First Amended Answer and Counterclaim on July 10, 2017 (Dkt. 56). The Counter-

Defendants must now answer or otherwise respond to ClearOne's First Amended Counterclaim by July 24, 2017. All three Counter-Defendants intend to file respective Motions to Dismiss ClearOne's First Amended Counterclaim for Improper Venue and/or Failure to State a Claim.

    b.    <u>Pending Motions</u>.

        (1)    <u>ClearOne's Motion to Dismiss Shure's Declaratory Judgment Claim based on the '553 Patent</u>. This motion has been fully briefed: ClearOne's original motion (Dkt. 25), Shure's response in opposition (Dkt. 43), and ClearOne's reply (Dkt. 58).

        (2)    <u>Counter-Defendants Motions to Dismiss</u>. Shure filed a Motion to Dismiss under FRCP Rule 12(b)(6) (Dkt. 36), and Biamp and QSC filed Motions to Dismiss under FRCP Rules 12(b)(3) and 12(b)(6) (Dkt. 41 and 48). ClearOne opposed these motions based on mootness (Dkt. 59), because ClearOne filed a First Amended Answer and Counterclaim on July 10, 2017 (Dkt. 56). All Counter-Defendants intend to file Motions to Dismiss the First Amended Counterclaim, and have until July 24, 2017 to do so.

        (3)    <u>"Conditional" Counterclaim Issue</u>. Counter-Defendants ask that the Court clarify the parties obligations with respect to Count II of the First Amended Counterclaim, which ClearOne has filed as a "conditional" counterclaim for infringement of the '553 patent, which ClearOne has not actually asserted yet and will only do "in the event" the Court denies its Motion to Dismiss with respect to Shure's '553 Patent Declaratory Judgment Claim. Previously, in opposition to ClearOne's Motion to Dismiss (Dkt. 43), Shure requested that this "conditional" counterclaim either be stricken as improper under the Federal Rules of Civil Procedure, or in the alternative, if this Count II remains in the Counterclaim, that the Motion to Dismiss the '553 Related Claims be denied as moot. The parties would appreciate the Court's input on this matter so as to better prepare as to how to fully answer or otherwise plead with respect to the First Amended Counterclaim.

            ClearOne's position, as stated in its reply to the Motion to Dismiss the '553 Patent (Dkt. 58, n.4), is that a conditional counterclaim is appropriate when a party, as ClearOne here, is forced to file a compulsory counterclaim but does not wish to consent to subject matter jurisdiction.

    c.    (Not applicable)

    d.    <u>Discovery Plan</u>.

(i) Discovery is needed on the matters outlined in Section 1(d) above. Given the Motions to Dismiss to be considered by the Court, which are potentially dispositive of ClearOne's First Amended Counterclaim against all Counter-Defendants, Counter-Defendants request that discovery begin only after the Court rules on the Motions to Dismiss.

ClearOne disagrees that discovery in this case should be further delayed; instead ClearOne takes the position that discovery should begin on the same day as when the Initial Disclosures are due, as set forth in Local Patent Rule 2.1.

(ii) <u>Initial Disclosures</u>. ClearOne served its initial disclosures required by Rule 26(a)(1) and Local Patent Rule 2.1 on July 5, 2017. QSC served its initial disclosures required by Rule 26(a)(1) and Local Patent Rule 2.1 on ClearOne on July 6, 2017.

Shure and Biamp understand Local Patent Rule 2.1 to set the date for Initial Disclosures to be fourteen (14) days from the close of pleadings. Since the Counter-Defendants must answer or otherwise respond to the First Amended Counterclaim by July 24, 2017, Initial Disclosures for Shure and Biamp should be due August 7, 2017, fourteen (14) days after July 24, 2017.

ClearOne understands that Local Patent Rule 2.1 to set for date for Initial Disclosures to be "fourteen (14) days after the plaintiff files its answer or other response to that counterclaim" and therefore Initial Disclosures were due on July 5, 14 days after Plaintiff Shure filed its Motion to Dismiss, and alternatively, no later than July 11, 14 days after Biamp, the last Counter-Defendant, filed its Motion to Dismiss. In an effort to compromise, ClearOne proposed to set the due date for Initial Disclosures for July 25, 2017; Counter Defendants rejected the proposal. ClearOne notes that under Rule 26(a)(1)(C), initial disclosures are also due on July 25, 14 days after the parties' Rule 26(f) conference on July 11.

(iii) See below plan.

(iv) See below plan.

(v) See below plan.

(vi) See below plan.

(e) All parties have requested a jury trial, which the parties estimate will be of approximately two weeks in duration.

  (f)  The parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

4.  <u>Consent to Proceed Before Magistrate Judge</u>. The parties do not unanimously consent to proceed before the Magistrate Judge for all purposes, including entry of final judgment.

5.  <u>Disclosures and Discovery Pursuant to Local Patent Rules</u>. The parties acknowledge that the requirements of the Local Patent Rules apply to this case.

6.  <u>Additional Discovery Plan</u>. The parties propose the following in addition to the discovery plan and schedules addressed in the Local Patent Rules:

  (a)  Counter-Defendants propose that each party be permitted to serve a maximum of twenty-five (25) interrogatories. ClearOne proposes that each party be permitted to serve a maximum of twenty-five (25) interrogatories on any other party, as provided in Rule 33(a) of the Federal Rules of Civil Procedure.

  (b)  Counter-Defendants propose that each party be allowed to serve a maximum of twenty-five (25) requests for admission, except that requests for admission addressed to authenticity or establishing business record status of documents produced by the parties shall not count against this limit. ClearOne proposes that Rule 36 governs the service of requests for admission, which does not set a maximum number of requests for admission at the outset of the litigation.

  (c)  Counter-Defendants propose a maximum of ten (10) factual depositions by each party; and (i) if a party believes that additional depositions are required, the parties shall confer in person or by telephone in a good faith effort to address the request for additional depositions; and (ii) in the event that the parties are unable to resolve such a dispute after personal consultation, the party seeking such

additional deposition(s) may seek leave of court to take such additional deposition(s).

ClearOne proposes that each side be allowed one-hundred forty (140) hours of factual depositions because, in addition to depositions of three Counter Defendants and their employees, brief depositions of several third parties are necessary in this case, e.g., for evidence relating to the induced infringement. ClearOne agrees that (i) if a party believes that additional depositions are required, the parties shall confer in person or by telephone in a good faith effort to address the request for additional depositions; and (ii) in the event that the parties are unable to resolve such a dispute after personal consultation, the party seeking such additional deposition(s) may seek leave of court to take such additional deposition(s).

(d) The parties agree to a maximum length of seven (7) hours on the record for each factual deposition.

(e) Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

(f) Counter-Defendants propose that written discovery and the parties' contentions under the Local Patent Rules shall commence only after the Court's ruling on the Counter-Defendants' respective Motions to Dismiss. ClearOne believes that discovery should commence on the same day as the Initial Disclosures, as set forth in Local Patent Rule 2.1.

6. <u>Alternative Discovery Plan</u>. The parties do not propose a discovery plan that differs from that provided in the Local Patent Rules.

7. <u>Other Dates</u>:

    (a) The parties are scheduled to meet with the Court for an Initial Status Conference on July 24, 2017 at 9:45 A.M. prior to entry of a Scheduling Order.

    (b) The parties request the Court set an appropriate pretrial conference in accordance with the Court's calendar.

    (c) Counter-Defendants propose that ClearOne shall file any motions (to the extent required) to amend pleadings and/or join parties no later than ninety (90) days after the Initial Status Conference.

    ClearOne proposes that its deadline to amend pleadings and/or join parties should be 45 days before the close of discovery so that ClearOne can rely on evidence uncovered in discovery to determine whether and how to amend pleadings and/or join parties.

    (d) Counter-Defendants propose that Shure, Biamp and QSC shall file any motions (to the extent required) to amend pleadings and/or join parties no later than one hundred twenty (120) days after the Initial Status Conference.

    ClearOne proposes that the Counter Defendants shall amend pleadings and/or join parties 45 days before the close of discovery.

    (e) The parties shall submit Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists no later than forty-five (45) days prior to trial.

    (f)    The parties will meet and confer over objections, if any, to witnesses, deposition designations and exhibits, and to the extent any objections remain unresolved, the parties will file objections under Rule 26(a)(3) within fourteen (14) days after such designations are made by the opposing party.

8. <u>Other Items</u>:

    (a)    ClearOne and QSC have had limited settlement discussions, which were not fruitful. There have been no other settlement discussions among any of the parties to date.

    (b)    Shure, Biamp and QSC do not believe that the chances of settlement would be enhanced through either a judicial or mediated settlement conference. ClearOne remains open to discuss settlement with Counter-Defendants.

    (c)    Communications between a party's attorney and a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, are subject to discovery by the opposing party only to the extent provided in Rule 26(b)(4)(B) and (C).

    (d)    In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

(e) All of the parties agree that the video "An Introduction to the Patent System" distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

(f) The parties agree that the provisions of Sections 3A, B and C of the America Invents Act concerning the revisions to 35 U.S.C. §§102, 103 **do not apply** to the patents-in-suit in this case.

(g) The parties agree that electronically stored information shall be preserved in its native format. Counter-Defendants propose that in response to appropriate discovery requests, electronically stored information shall be produced in PDF format. ClearOne proposes that the Local Patent Rules for Electronically Stored Information govern discovery of electronically stored information. The parties agree that a party that receives a document produced in a non-native format may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

(h) Counter-Defendants seek to amend the Court's Standard Protective Order applicable under the Local Patent Rules as follows (to which ClearOne does not agree):

 (1) Section 4(a) of the Protective Order shall read: "Confidential and Highly Confidential Information may be used exclusively for purposes of this litigation, and for any related proceedings in the U.S. Patent and Trademark Office between the parties relating to the patents-in-suit, subject to the restrictions of this order and the default Protective Order in U.S. Patent and Trademark Office proceedings."

(i) The parties agree that appropriate prosecution bar language should be added to the Protective Order, and the parties will negotiate in good faith to arrive at mutually agreeable language in that regard.

(j) If any source code is deemed discoverable, the parties shall meet and confer for the purposes of submitting and shall thereafter submit a Source Code Protective Order to the Court governing production and protection of source code. No discovery of source code shall be permitted before the Court issues the Source Code Protective Order.

Dated: July 17, 2017

Respectfully Submitted,

By: /s/ Vladimir I. Arezina
One of the Attorneys for Plaintiff,
SHURE INCORPORATED

Vladimir I. Arezina
  (ARDC No. 6276348)
William J. Lenz
  (ARDC No. 6257555)
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 1700
Chicago, Illinois 60602
Telephone: (312) 269-8000
Facsimile: (312) 269-1747
varezina@nge.com
wlenz@nge.com

And:

/s/ Alexander Giza

Alexander C.D. Giza, *pro hac vice*
Douglas J. Dixon, *pro hac vice*
agiza@hueston.com
ddixon@hueston.com
Hueston Hennigan LLP
523 West 6th Street, Suite #400
Los Angeles, CA 90014
Telephone: (213) 788-4340

/s/ Kevin Zeck

Perkins Coie LLP
Grant Kinsel (admitted *pro hac vice*)
Kevin Zeck (*pro hac vice* application pending)
1201 3rd Ave., 49th Floor
Seattle, WA 98101-3099
Tel: 206.359.3516
Fax: 206.359.9000

11

Garret A. Leach, P.C.
(IL Bar No. 6237520)
garret.leach@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Attorneys for ClearOne, Inc.

Email: gkinsel@perkinscoie.com
Email: kzeck@perkinscoie.com
Douglas L. Sawyer,
ARDC No. 6275849
131 South Dearborn, Suite 1700
Chicago, IL 60603
Tel: 312.324.8400
Email: dsawyer@perkinscoie.com

Attorneys for QSC, LLC

**DLA PIPER LLP (US)**

/s/ *Matthew Satchwell*
Matthew Satchwell (IL-6290672)
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
Telephone: 312-368-2111
Facsimile: 312-236-7516
matthew.satchwell@dlapiper.com

Of Counsel:
Michael Strapp (*pro hac vice* pending)
DLA PIPER LLP (US)
33 Arch Street
26th Floor
Boston, MA 02110-1447
Telephone: 617-406-6031
Facsimile: 617-406-6174
michael.strapp@dlapiper.com

Attorneys for Counter-Defendant Biamp Systems Corporation

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on July 17, 2017, a copy of the foregoing document was filed electronically through the Court's Electronic Case Filing System, and service of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issued through the Court's ECF System, on this date.

    /s/ Vladimir I. Arezina
    Vladimir I. Arezina

26479833.11