UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHURE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 3078 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| CLEARONE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| ─────────────────── | ) | |
| | ) | |
| CLEARONE, INC., | ) | |
| | ) | |
| Counter-Plaintiff | ) | |
| | ) | |
| SHURE, INC., BIAMP SYSTEMS CORP., and QSC, LLC | ) | |
| | ) | |
| Counter-Defendants. | ) | |

**ORDER**

    Now that the litigation on ClearOne's Motion for preliminary injunction has concluded, the ordinary litigation track will resume. This Order wraps up two pending issues. First, as previously ordered, ClearOne's counterclaims against Biamp Systems Corp. and QSC, LLC are dismissed for improper venue. Second, ClearOne's motion to dismiss the declaratory judgment claim as to the '553 patent, (R. 25) is granted.

**1. Improper Venue**

    During the status hearing of November 14, 2017, the Court dismissed Biamp and QSC as counter-defendants because venue against those parties was improper under the patent venue statute, 28 U.S.C. § 1400(b). R. 141, Nov. 14, 2017 Minute Entry. This order sets forth the rationale in writing.

    In *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), the Supreme Court held that the patent venue statute, 28 U.S.C. § 1400(b), is the exclusive venue provision for patent cases. 137 S. Ct. at 1517. Under

§ 1400(b), an action for patent infringement may be brought either (1) in the judicial district where the defendant resides, or (2) where the defendant has committed acts of infringement and has a regular and established place of business. And that is it. The general venue statute, 28 U.S.C. §1391, does not alter the meaning of § 1400(b), so a corporate defendant "resides" only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1521.

In this case, venue is improper as to both QSC and Biamp. First, neither Biamp nor QSC "resides" in the Northern District of Illinois. ClearOne admits that Biamp is incorporated in Delaware and that QSC is a California limited liability company. R. 56, First Am. Counterclaim ¶¶ 20, 25. Neither company can be deemed to "reside" in the Northern District of Illinois after *TC Heartland*, so § 1400(b)'s first part is out as a basis for venue.

Under § 1400(b)'s second part, venue is proper in a district where the defendant has both committed acts of infringement *and* has a regular or established place of business. Even assuming that Biamp and QSC have committed acts of infringement in the Northern District of Illinois, venue would still be improper because neither maintains a "regular and established place of business" in the District. QSC has no offices or property in the District, and no phone number or mailing address here. R. 65, QSC Mot. Dismiss at 3.[1] Biamp likewise does not have a regular and established place of business in the District, and ClearOne does not allege or argue otherwise. *See* First Am. Counterclaim ¶¶ 10-24; R. 77, ClearOne Opposition to Mots. Dismiss at 15-30 (not disputing that neither Biamp nor QSC has a regular and established place of business in Illinois).

Perhaps recognizing that it cannot prevail under the plain terms of § 1400(b), ClearOne points to the doctrine of "ancillary" venue, which, ClearOne says, means that it need not establish an independent basis for venue over QSC and Biamp. ClearOne Opposition to Mots. Dismiss at 16-17. This argument is rejected. ClearOne cites no authority for the proposition that the doctrine of ancillary venue (whatever that really is) can override the clear terms of the patent venue statute. And *TC Heartland* puts the nail in the coffin: if the general federal venue statute does not supplement the patent venue statute, then it is unclear why a non-statutory doctrine could do so.

In sum, venue is improper under § 1400(b) for both Biamp and QSC. That is why those parties were dismissed.

---

[1] QSC does have an independent sales representative in northern Illinois, but that company is independently owned and operated. *Id.*

2

## 2. Declaratory Judgment

As previously explained, ClearOne's motion to dismiss Shure's request for declaratory judgment of non-infringement of the '553 patent, R. 25, is granted. The Declaratory Judgment Act provides that the district courts "may exercise" jurisdiction in cases where a party seeks a declaratory judgment of its legal rights. 28 U.S.C. § 2201. This permissive language means that district courts can also *decline* jurisdiction when appropriate. *See Public Affairs Assoc., Inc. v. Rickover*, 369 U.S. 111, 112 (1962) ("The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so."). To be sure, there "must be well-founded reasons for declining to entertain a declaratory judgment action," *Capo, Inc. v. Dioptics Med. Prods., Inc.*, 387 F.3d 1352, 1354-55 (Fed. Cir. 2004), but the trial court has "substantial discretion" in deciding whether to exercise its jurisdiction. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007). "The court must make a reasoned judgment whether the investment of time and resources will be worthwhile." *Serco Servs. Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995).

In this case, the Court declines to exercise jurisdiction over the declaratory judgment claim based on the '553 patent. The '553 patent is currently in reissuance proceedings before the Patent and Trademark Office, and the Patent Trial and Appeal Board recently granted *inter partes* review of the patent. *See* R. 72, Initial Filing for Reissuance; R. 71, Petition for Inter Partes Review; R. 244, Patel Exh. 35, PTAB Opinion. The '553 patent was submitted to the PTO for reissue before Shure filed its declaratory judgment action, and the first-filed action is usually preferred. *See* ClearOne Mot. Dismiss at 1; *Serco*, 51 F.3d at 1039. Even apart from that preference, conserving judicial resources weighs against exercising jurisdiction over the '553 patent. Given the advanced state of the controversy over the '553 patent before the PTO, it makes sense for the Court to decline jurisdiction rather than engaging in potentially duplicative proceedings—especially when the '553 patent might be invalidated or reissued regardless of what happens in this case. In contrast, litigation over the '553 patent has not truly begun in this case, so the Court's decision to decline jurisdiction will not cost the parties too much in the way of wasted time and resources. All in all, it makes sense in this case for the Court to decline to exercise its declaratory judgment jurisdiction over the '553 patent claim.

So that claim is dismissed without prejudice, as is the conditional counterclaim filed as a protective measure by ClearOne.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 16, 2018