IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHURE INCORPORATED,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CLEARONE, INC.,<br><br>　　　　Defendant. | Case No.: 17-CV-03078<br><br>Judge Edmond E. Chang<br><br>Magistrate Judge Maria Valdez |
| CLEARONE, INC.,<br><br>　　　　Counter-Plaintiff,<br><br>v.<br><br>SHURE INCORPORATED,<br><br>　　　　Counter-Defendant. | |

**PROTECTIVE ORDER**

The Court enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1. <u>Findings</u>: The Court finds that the parties to this case have requested and produced, and will likely continue to produce, sensitive information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information. Production of such sensitive information thus far was made pursuant to the Model Protective Order of this District, and shall hereinafter now instead be subject to this Protective Order.

2. <u>Definitions</u>:

　　a.　"Party" means a named party in this case. "Person" means an individual or an

1

entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

    b.    "Confidential" information is information concerning a person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

    c.    "Highly Confidential" information is information within the scope of Rule 26(c)(1)(G) that is current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

    d.    Information is not Confidential or Highly Confidential if it is disclosed in a printed publication or is known to the public. Further, information designated Confidential or Highly Confidential which is otherwise known to the recipient without obligation of confidentiality before the producer disclosed it, or if otherwise becomes known to the recipient by means not constituting a breach of this Order, may be treated as non-confidential by the recipient and not subject to the restrictions of this Order.

    3.    <u>Designation of information as Confidential or Highly Confidential</u>:

    a.    A person's designation of information as Confidential or Highly Confidential means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b. A person designates information in a document or thing as Confidential or Highly Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A producer may make documents or things containing Confidential or Highly Confidential information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the producer causes copies of the documents or things to be marked as Confidential or Highly Confidential before providing them to the recipient.

c. A person designates information in deposition testimony as Confidential or Highly Confidential by stating on the record at the deposition that the information is Confidential or Highly Confidential or by advising the opposing party and the stenographer and videographer in writing, within fourteen days after receipt of the deposition transcript, that the information is Confidential or Highly Confidential.

d. A person's failure to designate a document, thing, or testimony as Confidential or Highly Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

e. A person who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all parties in the case.

f. If a party disputes a producer's designation of information as Confidential or Highly Confidential, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The party and the producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after

notice of the dispute unless within that fourteen day period the producer files a motion with the Court to maintain the producer's designation. The producer bears the burden of proving that the information is properly designated as Confidential or Highly Confidential. The information shall remain subject to the producer's Confidential or Highly Confidential designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

4. <u>Use and disclosure of Confidential [or Highly Confidential] information</u>:

a. <u>Restriction of Use</u>: Confidential and Highly Confidential information may be used exclusively for purposes of this litigation, subject to the restrictions of this order. Confidential and Highly Confidential information may be disclosed outside of this litigation only where expressly permitted in this order and any related party agreement.

b. <u>Restriction of Disclosure</u>: Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside counsel of record, including necessary assisting attorneys, paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel; (iii) a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(d) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; and (vi) the Court and personnel assisting the Court.

c. Absent written permission from the producer or further order by the Court, the

recipient may not disclose Highly Confidential information to any person other than those identified in paragraph 4(b)(i) (subject to the limitations of Paragraph 4(g)), or those identified in paragraphs 4(b)(iv), (v), and (vi).

    d.    <u>Experts</u>: A recipient may not disclose Confidential or Highly Confidential information to an expert or consultant pursuant to paragraph 4(b) or 4(c) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order. The party obtaining the undertaking must serve it on all other parties within ten days after its execution. At least ten days before the first disclosure of Confidential or Highly Confidential information to an expert or consultant (or member of their staff), the recipient party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and a copy of his or her curriculum vitae. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within ten days after service of the identification. Unless the parties resolve the dispute within ten days after service of the objection, the producer must move the Court promptly for a ruling, and the Confidential or Highly Confidential information may not be disclosed to the expert or consultant without the Court's approval. An expert or consultant authorized to receive Confidential or Highly Confidential information pursuant to the Model Protective Order previously in effect in this litigation shall also be authorized under this Paragraph 4(d) provided the s/he is provided a copy of this Order and agrees to be bound by the terms herein.

    e.    <u>Permitted Disclosures</u>: Notwithstanding paragraph 4(a), (b) and (c), a recipient may disclose Confidential or Highly Confidential information to: (i) any employee or author of

the producer; (ii) any person, no longer affiliated with the producer, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed. In addition, Shure may disclose Confidential or Highly Confidential information to outside litigation counsel for Biamp Systems Corp. ("Biamp") or QSC, LLC, ("QSC") Confidential Information to in-house counsel for Biamp or QSC and Confidential or Highly Confidential information to experts or consultants for those companies that are authorized to receive Confidential or Highly Confidential information under Paragraph 4(d), for the purpose of assisting Shure in the defense of the counterclaims.

    f.    <u>Exception by Agreement or Court Order</u>: A recipient who wishes to disclose Confidential or Highly Confidential information to a person not authorized under paragraph 4(b) or 4(c) must first make a reasonable attempt to obtain the producer's permission. If the recipient is unable to obtain permission, it may move the Court to obtain permission. If either the producer or the Court permits the recipient to disclose the producer's Confidential or Highly Confidential information to a person not authorized under paragraph 4(b) or 4(c), the recipient may disclose said information.

    g.    <u>Prosecution Bar of Non-Experts</u>: Unless the parties otherwise agree in writing, any person receiving Highly Confidential information pursuant to this Order, other than non-party experts authorized pursuant to Paragraph 4(d), may not: participate in the prosecution of patents or patent applications relating to microphones, beam-forming and/or signal processing (including acoustic echo cancellation) in audio or audio-visual technology while this litigation is pending and for a period of twelve (12) months after the final decision in this litigation, including exhaustion of all appeals following final judgment.

    h.    <u>Prosecution Bar on Related Patents</u>: Unless the parties otherwise agree in

writing, any person receiving Highly Confidential information pursuant to this Order, including non-party experts authorized pursuant to Paragraph 4(d), may not participate in prosecution of patents or patent applications relating to the patent(s) asserted in this litigation (including continuation applications, divisional applications, continuation-in-part applications, reissue applications and/or any patent application claiming priority from any application within the patent family of a patent asserted in the litigation, including foreign applications, specifically including an application which claims priority from a parent application of the patent asserted in the litigation) while this litigation is pending and for a period of twelve (12) months after final decision in this litigation, including exhaustion of all appeals following final judgment.

    i.    For purposes of Paragraphs 4(g) and 4(h) "prosecution" includes directly or indirectly: drafting or amending patent/application claims or specification, advising, directing or supervising others relative to amendment or drafting of patent/application claims or specification, or otherwise involved with any activity affecting the scope or maintenance of patent claims and patent specifications (including, for example, original patent applications or prosecution, reissue, and reexamination proceedings or any post-grant proceedings). To avoid any doubt, "prosecution" as used in this paragraph does not include (a) representing a party that is challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination or any post-grant proceeding), or (b) disclosing prior art to patent prosecution or IPR counsel to comply with the duty of candor and good faith as prescribed in 37 CFR § 1.56.

    j.    <u>Agreed Use in Party Post-Grant Proceedings</u>: The parties recognize that certain documents produced in discovery in this litigation may be relevant to a post-grant proceeding, including *inter partes* review, involving the same parties in the litigation ("Party

Post-Grant Proceedings"). As an example, *Inter Partes* Review with the designation IPR2017-01785 has been instituted to review the patentability of all claims of US Patent No. 9,264,553, which is the grandparent of a patent at-issue in this litigation. The parties recognize other Party Post-Grant Proceedings may be instituted after entry of this Order and agree that the procedures set forth in this Order are to be applied to such proceedings. If a party wishes to use in a Party Post-Grant Proceeding any Confidential or Highly Confidential information produced in this litigation, the party that seeks to use the Confidential or Highly Confidential information (the "requesting party") will meet and confer with the producing party to seek permission to use the Confidential or Highly Confidential information in the Party Post-Grant Proceeding. The meet-and-confer must occur no later than 45 days prior to the deadline to submit the requested documents so that a motion under 37 CFR § 42.51(b)(2) can be pursued if necessary. Permission by the producing party will not be unreasonably withheld for any documents that do not contain sensitive non-public technical or financial information. If agreement is not reached, the requesting party may seek permission from this Court for use of such discovery in the Party Post-Grant Proceeding, or may seek such discovery in the PTAB. If an agreement is reached, the producing party will provide copies of any documents to the requesting party to be filed in the Party Post-Grant Proceeding no later than 20 days prior to the deadline to submit the requested documents in the post-grant proceeding. The provided documents may include only those redactions upon which the parties have agreed. Except as otherwise agreed to by the parties, any document produced in this litigation and filed in a Party Post-Grant Proceeding must be filed with a joint or unopposed motion to file under seal. The unopposed motion to file under seal shall be brought by the party filing the Confidential or Highly Confidential documents.

5.  <u>Copies</u>: A party producing documents as part of discovery must, upon request, furnish the requesting party with one copy of the documents it requests, at the requesting party's expense. Before copying, the parties must agree upon the rate at which the requesting party will be charged for copying.

6.  <u>Inadvertent Disclosure</u>: Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502.

7.  <u>Filing with the Court</u>:

a.  This protective order does not, by itself, authorize the filing of any document under seal. No document may be filed under seal without prior leave of court. A party wishing to file under seal a document containing Confidential or Highly Confidential information must move the Court, consistent with Local Rule 26.2(b) and prior to the due date for the document, for permission to file the document under seal. If a party obtains permission to file a document under seal, it must also (unless excused by the Court) file a public-record version ("Non-Confidential Version") of the document that excludes any Confidential or Highly Confidential information.

b.  If a party wishes to file in the public record a document that another producer has designated as Confidential or Highly Confidential, the party must seek leave from the Court and file the document under seal, unless the party obtains the producer's prior written permission to file the document publicly.

c.  Pursuant to Local Rule 5.8, any document filed under seal must be accompanied by a cover sheet disclosing (i) the caption of the case, including the case number; (ii) the title "Restricted Document Pursuant to Local Rule 26.2;" (iii) a statement that

the document is filed as restricted in accordance with a court order and the date of the order; and (iv) the signature of the attorney of record filing the document.

8. <u>Document Disposal</u>: Upon the conclusion of this case, each party must return to the producer all documents and copies of documents containing the producer's Confidential [or Highly Confidential] information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing confidential or highly confidential information. Alternatively, if the producer agrees, the party may destroy all documents and copies of documents containing the producer's Confidential or Highly Confidential information. The party returning and/or destroying the producer's Confidential and Highly Confidential information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this order.

9. <u>Originals</u>: A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the producing party has it, must be made available to any other party within ten days after a written request.

10. <u>Survival of obligations</u>: This order's obligations regarding Confidential and Highly Confidential information survive the conclusion of this case.

Dated: 6-27-2018

_Edmund E. Chang_
Judge Edmond E. Chang

Appendix 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| _____, ) | |
| ) | |
| **Plaintiff[s],** ) | |
| ) | |
| vs. ) | Case No. _____ |
| ) | |
| _____, ) | |
| ) | |
| **Defendant[s].** ) | |

**UNDERTAKING OF** [*insert name*]

I, [*insert person's name*], state the following under penalties of perjury as provided by law:

I have been retained by [*insert party's name*] as an expert or consultant in connection with this case. I will be receiving Confidential [and Highly Confidential] information that is covered by the Court's protective order dated [*fill in date*]. I have read the Court's protective order and understand that the Confidential [and Highly Confidential] information is provided pursuant to the terms and conditions in that order.

I agree to be bound by the Court's protective order. I agree to use the Confidential [and Highly Confidential] information solely for purposes of this case. I understand that neither the Confidential [and Highly Confidential] information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's protective order. I agree to return the Confidential [and Highly Confidential] information and any notes concerning that

9

information to the attorney for [*insert name of retaining party*] or to destroy the information and any notes at that attorney's request.

I submit to the jurisdiction of the Court that issued the protective order for purposes of enforcing that order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

_____
(signature)

Subscribed and sworn to
before me this ____ day
of _____, 20__.

_____
Notary Public

10