## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SHURE INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>CLEARONE, INC.,<br><br>Defendant. | Case No.: 17-CV-03078<br><br>Judge Edmond E. Chang<br><br>Magistrate Judge Maria Valdez |
| CLEARONE, INC.,<br><br>Counter-Plaintiff,<br><br>v.<br><br>SHURE INCORPORATED<br><br>Counter-Defendant. | |

### SHURE INCORPORATED'S CONSOLIDATED MOTION AND MEMORANDUM TO SEAL ITS MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INVALIDITY, ITS LOCAL RULE 56.1 STATEMENT OF UNCONTESTED FACTS AND SUPPORTING DOCUMENTATION

Plaintiff/Counter-defendant Shure Incorporated ("Shure"), through counsel, seeks to file under seal (1) certain documents and exhibits to the Declaration of Bradley Rademaker in support of Shure's Local Rule 56.1 Statement of Uncontested Material Facts; (2) portions of Shure's Local Rule 56.1 Statement of Uncontested Material Facts; and (3) portions of Shure's Memorandum in Support of Its Motion for Summary Judgment of Invalidity (collectively "Shure's Summary Judgment Motion Materials"), pursuant to Local Rule 5.8, Local Patent Rule 1.4, Local Patent Rule Appendix B ¶ 7, and pursuant to the procedures previously agreed upon between the parties under the operative Protective Order (ECF 336). Shure's Summary Judgment Motion Materials

1

contain information designated as "Confidential" and "Highly Confidential" by both Shure and ClearOne pursuant to the operative Protective Order in this case. (ECF 336).

Shure has conferred with ClearOne, and ClearOne stated it does not oppose the sealing of its documents. On the day of filing the present motion, ClearOne also proposed that the parties follow a new procedure for filing of sealed and public documents in support of the parties' summary judgment motions, which included a delay in the filing of public versions of the parties' summary judgment motions and associated documents. Shure has declined that suggested procedure and delayed filings, and defers to the Court for guidance whether such a procedure should be adopted. Pursuant to ClearOne's request, the below passage entitled "ClearOne's Position" has been included in this Motion.

Shure specifically seeks to redact or file under seal the following portions of Shure's Summary Judgment Motion Materials, which contain information that has been designated Confidential or Highly Confidential under the Protective Order (ECF 336), including highly confidential research and development information, the disclosure of which is likely to harm the designating party's competitive position:

1. Portions of Shure's Rule 56.1 Statement of Uncontested Material Facts;
2. Portions of Shure's Memorandum in Support of its Motion for Summary Judgment of Invalidity;
3. Certain Exhibits to the Declaration of Bradley Rademaker in support of Shure's Rule 56.1 Statement of Uncontested Facts;
4. Excerpts from the January 4, 2019 deposition transcript of Mathew Abraham;
5. Excerpts from the May 12, 2020 deposition transcript of Dr. Dan Schonfeld;
6. Excerpts from the October 22, 2019 deposition transcript of Dr. Dan Schonfeld; and

7. Excerpts from the April 11, 2019 deposition transcript of Derek Graham.

More detailed identification of the documents cited in Shure's Summary Judgment Motion Materials, which have been designated "Confidential" or "Highly Confidential" by ClearOne pursuant to the Protective Order are identified in the table below.

**ClearOne's Position[1]**

Shure identified the following nine documents that ClearOne marked "Highly Confidential" or "Confidential" under the operative protective order and that Shure intends to file under seal with its summary judgment brief. As noted below, ClearOne is unaware which portions of deposition transcripts and an expert report Shure intends to file with its motion and thus offers general reasons for seeking to keep those documents under seal. Once ClearOne reviews the portions Shure files with the Court, ClearOne reserves the right to provide more specificity about why that content meets the legal requirements to be maintained under seal.

Indeed, recognizing the heightened burden for sealing documents at summary judgment, ClearOne proposed to Shure that the parties defer asserting specific reasons for sealing until after reviewing one another's full briefing and exhibits to try to narrow the content needed to be maintained under seal, but Shure declined that proposal without any reasonable counterproposal. ClearOne also proposed that the parties file one omnibus motion to seal relating to summary judgment, obviating the need for parties to file, and the Court to address, eight separate motions to seal during this briefing process. Shure also declined that proposal, even though it, with ClearOne, had proposed a similar procedure previously in this case "for the sake of convenience and efficiency" and that the Court adopted. (*See* ECF 559; ECF 568.)

---

[1] Although ClearOne has indicated that it does not oppose the present Motion to Seal, this portion of the motion is included pursuant to ClearOne's request made in an email on July 9, 2020.

| Document | Reason for Keeping Under Seal |
|---|---|
| ClearOne Email dated on November 12, 2016 [CLRONE-00344891] | This document contains ClearOne's business plans and strategy relating to the products involved in this case and Shure. Public disclosure of such information would harm ClearOne by disclosing its confidential business strategy publicly, including to a competitor. *See Metavante Corp. v. Emigrant Sav. Bank*, 2008 WL 4722336, at *10 (E.D. Wis. Oct. 24, 2008) (sealing exhibits containing "business plans and strategies"). |
| SDX 173 to the July 25, 2018 Deposition of David A. Lambert [CLRONE-00382299] | This document contains ClearOne's development details for its beamforming microphone array. The document is marked "Proprietary and Confidential" and contains specific information about various aspects of ClearOne's development and considerations relating to the beamforming microphone array. *See E.E.O.C. v. Abbot Labs*, 2012 WL 3842460, at *3 (E.D. Wisc. Sept. 5, 2012) (recognizing that "confidential research" and "development" information may be maintained under seal pursuant to Federal Rule of Civil Procedure 26(c)(1)(G)). |
| Dr. Schonfeld Rebuttal Expert Report (November 26, 2019) | Shure has not identified to ClearOne which excerpts from this expert report it seeks to file with its summary judgment motion. ClearOne thus reserves the right to assert more specific reasons justifying keeping these documents under seal after it reviews the excerpts.<br><br>At a high level, this expert report discusses various issues relating to ClearOne's research and development into its beamforming microphone array. Disclosure of such nonpublic information would cause ClearOne harm by giving its competitors information about research and development about ClearOne's current products. *See E.E.O.C. v. Abbot Labs*, 2012 WL 3842460, at *3 (E.D. Wisc. Sept. 5, 2012) (recognizing that "confidential research" and "development" information may be maintained under seal pursuant to Federal Rule of Civil Procedure 26(c)(1)(G)). |
| Excerpt of Ashtosh Pandey Dep. Tr. (August 29, 2018) | Shure has not identified to ClearOne which excerpts from this deposition transcript it seeks to file with its summary judgment motion. ClearOne thus reserves the right to assert more specific reasons justifying keeping these documents under seal after it reviews the excerpts. |

| Document | Reason for Keeping Under Seal |
|---|---|
| | At a high level, this depositions contains testimony about various issues relating to ClearOne's research and development that led to its beamforming microphone array. Disclosure of such nonpublic information would cause ClearOne harm by giving its competitors information about research and development efforts relating to ClearOne's current products. *See E.E.O.C. v. Abbot Labs*, 2012 WL 3842460, at *3 (E.D. Wisc. Sept. 5, 2012) (recognizing that "confidential research" and "development" information may be maintained under seal pursuant to Federal Rule of Civil Procedure 26(c)(1)(G)). |
| Excerpt of Michael Bathurst Dep. Tr. (July 24, 2018) | Shure has not identified to ClearOne which excerpts from this deposition transcript it seeks to file with its summary judgment motion. ClearOne thus reserves the right to assert more specific reasons justifying keeping these documents under seal after it reviews the excerpts.<br><br>At a high level, this deposition contains testimony about various issues relating to ClearOne's research and development that led to its beamforming microphone array. Disclosure of such nonpublic information would cause ClearOne harm by giving its competitors information about research and development efforts relating to ClearOne's current products. *See E.E.O.C. v. Abbot Labs*, 2012 WL 3842460, at *3 (E.D. Wisc. Sept. 5, 2012) (recognizing that "confidential research" and "development" information may be maintained under seal pursuant to Federal Rule of Civil Procedure 26(c)(1)(G)). |
| Excerpt of Derek Graham Dep. Tr. (November 3, 2017) | Shure has not identified to ClearOne which excerpts from this deposition transcript it seeks to file with its summary judgment motion. ClearOne thus reserves the right to assert more specific reasons justifying keeping these documents under seal after it reviews the excerpts.<br><br>At a high level, this deposition contains testimony about various issues relating to ClearOne's research and development that led to its beamforming microphone array. Disclosure of such nonpublic information would cause ClearOne harm by giving its competitors information about research and development efforts relating to ClearOne's current products. *See E.E.O.C. v. Abbot Labs*, 2012 WL 3842460, at *3 (E.D. Wisc. Sept. 5, 2012) |

| Document | Reason for Keeping Under Seal |
|---|---|
| | (recognizing that "confidential research" and "development" information may be maintained under seal pursuant to Federal Rule of Civil Procedure 26(c)(1)(G)). |
| Excerpt of Derek Graham Dep. Tr. (April 11, 2019) | Shure has not identified to ClearOne which excerpts from this deposition transcript it seeks to file with its summary judgment motion. ClearOne thus reserves the right to assert more specific reasons justifying keeping these documents under seal after it reviews the excerpts.<br><br>At a high level, this deposition contains testimony about various issues relating to ClearOne's research and development that led to its beamforming microphone array. Disclosure of such nonpublic information would cause ClearOne harm by giving its competitors information about research and development efforts relating to ClearOne's current products. *See E.E.O.C. v. Abbot Labs*, 2012 WL 3842460, at *3 (E.D. Wisc. Sept. 5, 2012) (recognizing that "confidential research" and "development" information may be maintained under seal pursuant to Federal Rule of Civil Procedure 26(c)(1)(G)). |
| ClearOne Beamforming Microphone Array (June 1, 2012) [CLRONE-00261454-70] | This document contains ClearOne's business plans and strategy relating to the products involved in this case and Shure. Public disclosure of such information would harm ClearOne by disclosing its confidential business plans and strategy publicly, including to a competitor. *See Metavante Corp. v. Emigrant Sav. Bank*, 2008 WL 4722336, at *10 (E.D. Wis. Oct. 24, 2008) (sealing exhibits containing "business plans and strategies"). |
| Excerpt of Dan Schonfeld, Ph.D. Expert Report (October 22, 2019) | Shure has not identified to ClearOne which excerpts from this expert report it seeks to file with its summary judgment motion. ClearOne thus reserves the right to assert more specific reasons justifying keeping these documents under seal after it reviews the excerpts.<br><br>At a high level, this expert report discusses various issues relating to ClearOne's research and development into its beamforming microphone array. Disclosure of such nonpublic information would cause ClearOne harm by giving its competitors information about research and development about ClearOne's current products. *See E.E.O.C. v. Abbot Labs*, 2012 WL 3842460, at *3 (E.D. |

| Document | Reason for Keeping Under Seal |
|---|---|
| | Wisc. Sept. 5, 2012) (recognizing that "confidential research" and "development" information may be maintained under seal pursuant to Federal Rule of Civil Procedure 26(c)(1)(G)). |

For the foregoing reasons, Shure respectfully requests that the Court grant its motion to file under seal. Further, as indicated herein, Shure defers to the Court whether the parties should adopt the procedure proposed by ClearOne for future summary judgment motion filings.

Dated: July 9, 2020

Respectfully Submitted,

By: /s/ Bradley F. Rademaker
  One of the Attorneys for Defendant,
  SHURE INCORPORATED

  Bradley F. Rademaker
  Mike Turner
  Thomas J. Campbell
  Tanvi Patel
  **NEAL, GERBER & EISENBERG LLP**
  Two North LaSalle Street
  Suite 1700
  Chicago, Illinois 60602
  Telephone: (312) 269-8000
  Email: Shure_ClearOneLit@nge.com

  Vladimir I. Arezina
  VIA Legal, LLC
  1237 W. Madison St.
  Chicago, IL 60607
  (312) 574-3050
  vladimir@arezina.com

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on July 9, 2020 a copy of the foregoing document was filed electronically through the Court's Electronic Case Filing System, and service of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issued through the Court's ECF System, on this date.

        */s/ Kara C. Smith*
        Kara C. Smith

*Counsel for Plaintiff / Counter-Defendant Shure Incorporated*